574 A.2d 719

**George PECORARA, trading and doing business as Aliquippa Auto Recycling Company, and James Sarvey**

v.

**ERIE INSURANCE EXCHANGE and Gary McLaughlin, Alexander Davidson and American States Insurance Company.**

**Appeal of ERIE INSURANCE EXCHANGE and Alexander Davidson.**

Superior Court of Pennsylvania.

Argued March 29, 1990.

Filed April 30, 1990.

Deborah DeCostro, Monaca, for appellants.

Charles P. Sapienza, Jr., Ellwood City, for appellees.

Before TAMILIA, KELLY and CERCONE, JJ.

TAMILIA, Judge:

On September 5, 1980, Alexander Davidson was the owner of a 1972 Chevrolet dump truck which was insured under a policy of liability insurance issued by Erie Insurance Exchange (hereinafter "Erie"). George Pecorara was then the owner and operator of a business known as Aliquippa Auto Recycling Company and James Sarvey was an employee of Pecorara's. Pecorara and his business were insured by American States Insurance Company (hereinafter

"ASIC"). Davidson gratuitously lent his dump truck to Pecorara so that Pecorara or his employees could use it to haul shale to Pecorara's business premises. While Sarvey was operating Davidson's dump truck on Pecorara's business, he collided with a motor vehicle being driven by Gary McLaughlin who sustained personal injuries.

On August 13, 1982, McLaughlin filed a praecipe for summons in trespass against Davidson, Pecorara and Sarvey and a complaint was filed on April 20, 1983. On November 19, 1987, Pecorara and Sarvey filed a complaint against Erie and McLaughlin seeking a declaratory judgment requiring Erie to provide them with a defense and indemnification in the underlying action. On May 10, 1988, after an answer containing new matter had been filed, plaintiffs filed an amended complaint which added Davidson and ASIC as party defendants.

On October 4, 1988, in an effort to expedite the liability case, a stipulation was filed of record, joined in by counsel for all the parties stating the liability action had been settled for $30,000 and would be discontinued. It further set forth that both Erie and ASIC had contributed $15,000 toward settlement, and it was the parties' intent to pursue the declaratory judgment action in order to secure from the court a declaration as to the respective liabilities of Erie and ASIC.

The trial court dismissed the complaint seeking declaratory judgment, finding no justiciable controversy—the insurance carriers actually were seeking an advisory opinion as the liability action had been settled, rendering the declaratory judgment action moot. Erie appeals from the Order dismissing the action, claiming the issue is not moot just because the tort action has been settled.[1] We agree and remand for reinstatement of the declaratory judgment complaint.

1. The basis of Erie's appeal is that ASIC is liable for the entire claim paid to McLaughlin due to an exclusionary clause in Erie's policy of insurance. This issue is not properly before us, however, as it must be decided by the trial court on remand. Our only determination is whether the court erred in dismissing the complaint.

In *Allegheny County v. Commonwealth*, 517 Pa. 65, 534 A.2d 760 (1987), where the Commonwealth Court had sustained preliminary objections after finding the issues raised were non-justiciable, our Supreme Court discussed the question of non-justiciability:

> The United States Supreme Court in *Baker v. Carr* [369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962)] defined "non-justiciability" as follows:
>
>> In the instance of non-justiciability, consideration of the cause is not wholly and immediately foreclosed; rather, the Court's inquiry necessarily proceeds to the point of deciding whether the duty asserted can be judicially identified and its breach judicially determined, and whether protection for the right asserted can be judicially molded.
>
> 369 U.S. at 198, 82 S.Ct. at 700, 7 L.Ed.2d at 674. Since this is a declaratory judgment action, the court's inquiry concerns the ascertainment of the rights of the parties and whether protection for the asserted right can be judicially molded. *See* The Declaratory Judgments Act, 42 Pa.C.S.A. §§ 7531–7541.

*Id.*, 517 Pa. at 69–70, 534 A.2d at 762.

In this instance, the rights of the parties can only be ascertained by the court as the dispute centers on the language of an insurance policy, not factual issues. "The construction of an insurance policy is a question of law which must be resolved by the courts." *Loomer v. M.R.T. Flying Service, Inc.*, 384 Pa.Super. 244, 247, 558 A.2d 103, 105 (1989). Courts are given the authority to mold certain rights under the Declaratory Judgments Act, 42 Pa.C.S. § 7531 *et seq.* (hereinafter "Act"). Section 7532 provides the general scope of declaratory remedy:

> Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative

or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

We find that the relief sought by the parties is within the purview of the Act as the controversy which exists is over the interpretation of an insurance policy. Although the tort action has been settled by agreement of all the parties, it was only upon the contingency that Erie and ASIC would receive a final determination as to their respective liabilities. A declaratory judgment action is the proper vehicle by which this determination is made and should be entertained by the trial court. To hold that such an issue cannot be determined by declaratory judgment would be to invite more complex and extended litigation and to deny resolution of liability and damage claims to parties, otherwise entitled, pending trial.

Order of August 25, 1989 is vacated; case remanded for reinstatement of the declaratory judgment complaint.

Jurisdiction relinquished.