J-A09016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EDITH K. HORAN, AS ADMINISTRATRIX FOR THE ESTATE OF PENNY D. RAFFA, DECEASED | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| HCR MANORCARE, LLC, MANOR CARE OF KING OF PRUSSIA PA, LLC, D/B/A MANOR CARE HEALTH SERVICES-KING OF PRUSSIA; HCR MANOR CARE, INC.; HCR HEALTHCARE I, LLC; HCR HEALTHCARE II, LLC; HCR HEALTHCARE III, LLC; HCR HEALTHCARE IV, LLC; MANOR CARE HEALTH CARE SERVICES, INC.; MANOR CARE, INC.; HEALTH CARE AND RETIREMENT CORPORATION OF AMERICA; ROBERT L. FELICIANI, III, LLC; THE LAW OFFICE OF ROBERT L. FELICIANI, III, LLC; BRIAN SCOTT DIETRICH; LAW OFFICE OF BRIAN SCOTT DIETRICH, P.C. | : : : : : : : : : : : : : : : : : : : : : | No. 1107 EDA 2021 |

Appeal from the Order Entered April 30, 2021
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2013-22988

BEFORE: NICHOLS, J., SULLIVAN, J., and PELLEGRINI, J.*

MEMORANDUM BY SULLIVAN, J. **FILED OCTOBER 11, 2022**

Edith K. Horan ("Horan"), as administratrix for the estate of Penny D.

Raffa, deceased ("Raffa"), appeals the orders sustaining the preliminary

objections of Robert L. Feliciani, III, and the law office of Robert L. Feliciani,

_____

* Retired Senior Judge assigned to the Superior Court.

III, LLC, (collectively, "Attorney Feliciani"), and Brian Scott Dietrich and the law office of Brian Scott Dietrich, P.C. (collectively, "Attorney Dietrich"). We affirm in part, reverse in part, and remand for further proceedings.

We summarize the factual history of this matter as stated in Horan's amended complaint, as required when reviewing orders sustaining preliminary objections. In 2010, Raffa became a resident at the Manor Care—King of Prussia nursing home, where she suffered several falls, contracted a urinary tract infection, and eventually developed a pressure sore. *See* Amended Complaint, 3/31/14, at 18. Around April 2011, representatives of Manor Care—King of Prussia and its related corporate entities (collectively, "Manor Care"), along with its counsel, Attorney Dietrich, and a third-party attorney, Attorney Feliciani, met and began discussions to have Raffa declared incapacitated and implement a plan to enrich themselves at her expense. *See id*. at 34.

In May 2011, Attorney Dietrich filed a collection complaint against Raffa on behalf of Manor Care ("the collection action"). *Id*. at 35. Five days later, an orphans' court declared Raffa incapacitated and appointed Attorney Dietrich's suggested guardian *ad litem* ("GAL"), to represent her.[1] The GAL then retained Attorney Feliciani, also at Attorney Dietrich's suggestion, to represent Raffa in the collection action. *Id*. at 35-36. Attorney Dietrich served on Attorney Feliciani a notice of intent to seek, and later a *praecipe* to

_____

[1] Horan did not name Raffa's GAL as a defendant in the instant action.

enter, a default judgment in the collection action. *Id*. at 36-37. Attorney Dietrich did not serve the GAL or Raffa's family members with the notice or the *praecipe*. *Id*.

Attorney Feliciani did not respond in the collection action, resulting in the entry of a default judgment against Raffa for $81,6151.95, which included Manor Care's fees, interest, and attorneys' fees ("the default judgment"). *Id*. at 38-39, 47. Attorney Dietrich and Manor Care also sought and obtained public assistance benefits for Raffa, which included Manor Care's request for benefit payments for services that were duplicative of payments Manor Care received in the default judgment. *Id*. at 39. After Raffa died in 2012, her estate was required to reimburse the Pennsylvania Department of Public Welfare ("DPW") for $4,740.76 that DPW paid toward services for which Raffa had already paid Manor Care pursuant to the default judgment. *See id*. at 40.

Horan commenced the present action by writ of summons in 2013. She filed a complaint in February 2014 and filed the amended complaint in March 2014. In addition to claims against Manor Care which are unrelated to this appeal, Horan alleged that Manor Care, Attorney Dietrich, and Attorney Feliciani had conspired to exploit Raffa to enrich themselves by filing the collection action, having Raffa declared incapacitated, ensuring no actions were taken to defend against the collection action, and seeking duplicate reimbursements from public agencies. *See* Amended Complaint, 3/31/14, at 34-42. Horan alleged that Manor Care, Attorney Dietrich, and Attorney

Feliciani had engaged in similar acts in other cases and that Attorney Dietrich and Attorney Feliciani may have received bonuses for their participation. *See id*. at 42 n.3 (citing eleven cases docketed in the courts of common pleas); *see id*. at 41 (stating "additional rewards, bonuses, kickbacks and exchanges likely may have been received . . . which only discovery in this action will bring to light").

As to Attorney Dietrich and Attorney Feliciani, Horan asserted the following: civil conspiracy (count 2); Attorney Feliciani's legal malpractice (count 3); Attorney Feliciani's breach of fiduciary duty (count 7); Attorney Dietrich's inducement and aiding and abetting of Attorney Feliciani's breach of fiduciary duty (count 8); unjust enrichment (count 9); and declaratory relief (count 11). Horan also requested punitive damages for outrageous conduct.

Attorney Dietrich and Attorney Feliciani filed preliminary objections asserting that the counts against them were legally insufficient. *See* Pa.R.Civ.P. 1028(a)(4) (stating that "preliminary objections may be filed by any party to any pleading and are limited to the following grounds . . . legal insufficiency of a pleading (demurrer)"). Judge Bernard Moore heard oral arguments, sustained the preliminary objections, and struck from the amended complaint the counts against Attorney Dietrich and Attorney Feliciani with prejudice. *See* Orders, 7/23/14 (summarily sustaining Attorney Dietrich's preliminary objections and striking the counts against him with prejudice and sustaining Attorney Feliciani's preliminary objections and dismissing Attorney Feliciani). Judge Moore did not include a discussion of the

amended complaint, Horan's causes of action, or explain his reasons for dismissing Horan's claims against Attorney Dietrich and Attorney Feliciani on the record or in a separate opinion. Judge Moore then went to senior status, and the case was reassigned to Judge Richard P. Haaz. Horan subsequently reached a settlement of her claims against Manor Care, *see* Order, 4/19/21 (approving settlement as between Horan and Manor Care), and she timely appealed the orders sustaining Attorney Dietrich's and Attorney Feliciani's preliminary objections.[2] Both Horan and the trial court complied with Pa.R.A.P. 1925.

Horan raises the following issues for our review:

1. Whether the trial court erred in sustaining preliminary objections in the nature of a demurrer and/or insufficient specificity in a pleading raised by [Attorney Dietrich and Attorney Feliciani] and dismissing [them] from the case?

2. Whether [the] trial court erred in disregarding and not accepting as true the material facts pleaded in [Horan's] amended complaint, which would support her claims as a matter of law against [Attorney Dietrich and Attorney Feliciani]?

3. Whether the trial court erred in sustaining preliminary objections in the nature of a demurrer, without first granting [Horan] leave to amend her allegations against [Attorney Dietrich and Attorney Feliciani]?

---

[2] *See* Pa.R.A.P. 341(b)(1) (providing that a final order is any order that disposes of all claims and of all parties); *see also Motley Crew, LLC v. Bonner Chevrolet Co., Inc.*, 93 A.3d 474, 477 n.5 (Pa. Super. 2014) (noting that a discontinuance of the remaining claims or parties in an action makes prior interlocutory orders sustaining preliminary objections final for appeal purposes).

Horan's Brief at 6-7 (some capitalization omitted).

Horan combines her first two issues and asserts error in the trial court's decision to sustain Attorney Dietrich's and Attorney Feliciani's preliminary objections. This Court reviews the trial court's orders sustaining preliminary objections for legal insufficiency to determine whether the trial court committed an error of law. *See Haun v. Community Health Systems, Inc.*, 14 A.3d 120, 123 (Pa. Super. 2011). A defendant's preliminary objections seeking the dismissal of a cause of action should be sustained only when it is clear and free from doubt that the plaintiff cannot prove facts legally sufficient to establish a right to relief. *See Schemberg v. Smicherko*, 85 A.3d 1071, 1073 (Pa. Super. 2014). We apply the same standard as the trial court and consider as true all material facts and inferences reasonably deducible from the averments stated in the complaint. *See Haun*, 14 A.3d at 123. If any doubt exists as to whether the plaintiff can state a cause of action, a court should resolve the claim in favor of overruling the preliminary objections. *See Estate of Denmark ex rel. Hurst v. Williams*, 117 A.3d 300, 305 (Pa. Super. 2015).

Horan argues that her amended complaint avers facts, which if true, are legally sufficient to support all of her claims for damages and declaratory relief. We first consider Horan's arguments that her amended complaint pleaded sufficient allegations for each element of her claims requesting damages and punitive damages for civil conspiracy (count 2), Attorney Feliciani's legal malpractice and breach of fiduciary duty (counts 3 and 7),

- 6 -

Attorney Dietrich's aiding and abetting of Attorney Feliciani's breach of fiduciary duty (count 8), and unjust enrichment (count 9).

Civil conspiracy (count 2) requires Horan to allege: (1) Attorney Dietrich and Attorney Feliciani acted with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) there was an overt act done in pursuance of the common purpose; and (3) Raffa or her estate suffered actual legal damage. *See McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655, 660 (Pa. Super. 2000).

Legal malpractice (count 3) requires Horan to allege: (1) Raffa's employment of Attorney Feliciani; (2) Attorney Feliciani's failure to exercise ordinary skill and knowledge; and (3) Attorney Feliciani's negligence proximately caused damage to Raffa. *See Heldring v. Lundy Beldecos & Milby, P.C.*, 151 A.3d 634, 641 (Pa. Super. 2016). Additionally, Horan must assert that Raffa had a viable defense to the collection action and suffered an actual loss that was not too remote from the alleged negligence. *See Rizzo v. Haines*, 555 A.2d 58, 68 (Pa. 1989).

Breach of fiduciary duty (count 7), relatedly, requires Horan to allege facts that Attorney Feliciani, as Raffa's counsel, breached his duties to provide his undivided loyalty and avoid conflicts of interest. *See Maritrans GP Inc. v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277, 1283 (Pa. 1992); *see also Capital Care Corp. v. Hunt*, 847 A.2d 75, 84 (Pa. Super. 2004)).

Aiding and abetting (count 8) requires Horan to allege: (1) Attorney Dietrich did a tortious act in concert with Attorney Feliciani or pursuant to a

common design with him; or (2) Attorney Dietrich knew that Attorney Feliciani's conduct constituted a breach of a fiduciary duty and gave substantial assistance or encouragement to Attorney Feliciani to so conduct himself, or (3) Attorney Dietrich gave substantial assistance to Attorney Feliciani in accomplishing a tortious result and his own conduct, separately considered, constituted a breach of duty to the third person. *See Linde v. Linde*, 220 A.3d 1119, 1145 (Pa. Super. 2019) (quoting Restatement (Second) of Torts § 876).

In her claims of unjust enrichment (count 9), Horan seeks relief on an equitable, quasi-contract theory that: (1) Raffa conferred a benefit on Attorney Dietrich or Attorney Feliciani; (2) they appreciated the benefit; and (3) they accepted and retained the benefit under such circumstances that it would be inequitable for them to retain the benefit without payment of value. *See Schenck v. K.E. David, Ltd.*, 666 A.2d 327, 328 (Pa. Super. 1995).

Additionally, requests for punitive damages are not a separate cause of action but are awarded to punish a defendant for outrageous conduct. *See Delahanty v. First Pennsylvania Bank, N.A.*, 464 A.2d 1243, 1262-63 (Pa. Super. 1983). Horan's requests for punitive damages, therefore, require her to allege Attorney Dietrich's and Attorney Feliciani's willful, malicious, wanton, reckless, or oppressive conduct. *See id*.

As noted above, Judge Moore entered the orders that sustained Attorney Dietrich's and Attorney Feliciani's preliminary objections without any discussion of the record or the law. *See* Orders, 7/23/14. Further, Judge

Moore did not prepare a written opinion explaining his decision to dismiss Horan's claims against Attorney Dietrich and Attorney Feliciani. Instead, after Judge Moore became a senior judge and Judge Haaz was assigned the case, Judge Haaz authored a letter in lieu of a Rule 1925(a) opinion suggesting error in the decision to sustain Attorney Dietrich's and Attorney Feliciani's preliminary objections as to all counts except for count 11 for declaratory relief. Judge Haaz asserted that Horan stated sufficient allegations to state her damages counts and was entitled to discovery to attempt to establish those claims. *See* Trial Court Letter, 7/23/21, at 5.

We conclude that the trial court erred when it sustained Attorney Dietrich's and Attorney Feliciani's preliminary objections to all of Horan's damages counts. Horan's amended complaint states the following relevant allegations in support of her damages claims:

> 128. At all times material to this action, [Attorney Dietrich, Manor Care, and Attorney Feliciani] conspired, combined and agreed to act together with the intent to commit financial exploitation and injury upon [Raffa and her estate].
>
> 129. The overall purpose of the civil conspiracy by and amongst [Manor Care, Attorney Dietrich, and Attorney Feliciani] was to ensure that . . . Raffa's assets would be subject to a default judgment that, when paid off, would enrich the conspiring parties. The sole common purpose of the . . . civil conspiracy was the unjust retention of funds not owed to them through the unlawful use of the [c]ourt system to secure a default judgment against [Raffa] and/or against her [e]state to the conspirators' collective gain.
>
> * * * *
>
> 131. The overt acts in furtherance of this civil conspiracy were, in many instances, committed in such a way so as to appear that

said acts were lawful and within the ordinary course of business; however, . . . even isolated overt acts that otherwise appeared lawful were in fact unlawful acts committed to achieve an unlawful means: the financial exploitation and harming of [Raffa and her estate].

\* \* \* \*

136. On a date prior to April 7, 2011, [Attorney Dietrich, Manor Care, and Attorney Feliciani], met, discussed, communicated and agreed to enter into an unlawful civil conspiracy with the intent of harming [Raffa] and other similarly situated incapacitated nursing home residents.

137. Upon information and belief, the agreement between the co-conspirators is memorialized in correspondence, emails, telephone calls and/or documents that only further discovery can reveal.

Amended Complaint, 3/31/14, at 32-34.

Horan's amended complaint also asserts that Attorney Dietrich commenced the collection action and then had Raffa declared incapacitated with his "handpicked" GAL appointed to represent Raffa's interests. *Id*. at 34-35. Subsequently, "[Manor Care and Attorney Dietrich] were able to ensure that their co-conspirator, . . . [Attorney Feliciani], was installed as their supposed 'opposing' counsel in the [c]ollection [a]ction." *Id*. at 36 (footnote omitted). Attorney Dietrich and Attorney Feliciani, the amended complaint alleges, actively concealed their plans and conflicts of interests from the orphans' court that declared Raffa incompetent and appointed Raffa's GAL. *See id*. at 35-36.

The amended complaint further asserts that Attorney Feliciani received "thousands of dollars of fees" to represent Raffa even though he was part of "orchestrating a guaranteed victory for [Attorney Dietrich and Manor Care]."

*Id*. at 40. Horan alleges that Attorney Feliciani "purposefully did not oppose, answer, or otherwise plead in opposition to" the filing of the collections action, the notice of taking a default judgment, or the entry of the default judgment despite "specious claims for attorneys' fees, exorbitant interest, sums related to care and services that were not provided, . . . were negligently provided, and . . . had already been fully reimbursed . . . by government reimbursement programs . . .." *Id*. at 38-39. Additionally, Horan states that Attorney Feliciani failed to raise defenses to the collection action and default judgment, including: (1) the validity and excessiveness of the claimed debt to Manor Care; (2) the legality of the collection action; (3) challenges to the amount of interest and reasonableness of the attorneys' fees that were included in the default judgment; and (4) the action being barred by equitable principles such as unclean hands and payment for the services rendered. *Id*. at 48-49.

These allegations, when taken as true, as they must be, state a claim for civil conspiracy, namely that: (1) Attorney Dietrich and Attorney Feliciani acted with a common purpose to commit unlawful acts or to commit lawful acts for an unlawful purpose, namely, that they engineered or facilitated Manor Care's double-charging of Raffa and DPW for services and obtained an excessive default judgment for Manor Care; (2) they committed overt acts in pursuance of those common purposes; and (3) Raffa suffered actual damage by paying inflated, improper, or duplicative charges. *See McKeeman*, 751 A.2d at 660. The allegations about the conspiracy and the acts taken in furtherance of the conspiracy, furthermore, are sufficiently outrageous, that

- 11 -

if true, they support Horan's requests for punitive damages. ***See Delahanty***, 464 A.2d at 1263.

Horan also states a claim that Attorney Feliciani committed legal malpractice based on her allegations that Attorney Feliciani: (1) was retained by Raffa's GAL to represent Raffa in the collection action; (2) failed to exercise ordinary skill and knowledge by taking no actions and waiving possible defenses to the collection action; and (3) proximately caused damage to Raffa by the payments of inflated or improper charges, interest, and fees. ***See Heldring***, 151 A.3d at 641. Further, the amended complaint alleges possible defenses to the validity and excessiveness of the amounts claimed in the default judgment, including challenges to the validity and amount of debt owed, excessive fees, and equitable defenses.[3]

Relatedly, Attorney Feliciani, as counsel for Raffa, owed Raffa a fiduciary duty and Horan's allegations that he had a conflict of interest in his

_____

[3] We acknowledge Attorney Dietrich's and Attorney Feliciani's arguments that Horan's claims lacked merit because they acted lawfully and properly in the collection action to recover debts owed by Raffa under her contract with Manor Care, and that Horan failed to show that she was not responsible for the fees owed to Manor Care. However, our review of the trial court's orders sustaining Attorney Dietrich's and Attorney Feliciani's preliminary objections for legal insufficiency focuses on the facts alleged in Horan's amended complaint, including the submission of duplicate bills for Raffa and public agency benefits and the excessiveness of the default judgment, which we must take as true. ***See Haun***, 14 A.3d at 123. To the extent Attorney Dietrich and Attorney Feliciani maintain that the amounts collected in the default judgment were proper, they may raise new matter, pose affirmative defenses, and thereafter seek relief in requests for judgments on the pleadings or motions for summary judgment.

representation, if proven, state a breach of that duty. As to Attorney Dietrich, the factual allegations concerning the overall conspiracy state a claim for aiding and abetting based on his knowledge that Attorney Feliciani's conduct constituted a breach of a fiduciary duty and Attorney Dietrich gave substantial encouragement to Attorney Feliciani to breach the duty. *See Linde*, 220 A.3d at 1145.

As to unjust enrichment, the amended complaint states a claim against Attorney Feliciani. Horan alleges that Raffa, through her GAL, conferred a benefit by paying Attorney Feliciani attorneys' fees, that Attorney Feliciani appreciated the benefit of Raffa's payment of his fees, and that it would be unjust for Attorney Feliciani to retain the payment if the remainder of the allegation that he failed to provide any actual legal services are proven to be true.

Concerning Attorney Dietrich, however, we conclude that the amended complaint fails to state a cause of action for unjust enrichment. Horan does not allege that Raffa or her estate conferred a benefit on Attorney Dietrich personally or in his capacity as counsel for Manor Care. Horan's claim against Attorney Dietrich appears to rely on benefits he received from the broader conspiracy to exploit Raffa. Horan does not assert that Raffa paid Attorney Dietrich, and Horan fails to cite, nor has our own research uncovered, any statute or case law permitting her to challenge an award of attorneys' fees in a judgment in favor of a third-party, here Manor Care, based on the equitable principle of unjust enrichment.

Thus, we conclude that except for unjust enrichment (count 9) as to Attorney Dietrich, Horan states sufficient allegations to preclude the dismissals of her damages claims against Attorney Dietrich and Attorney Feliciani. Accordingly, we reverse the order sustaining Attorney Dietrich's preliminary objections to Horan's claims of civil conspiracy (count 2) and aiding and abetting Attorney Feliciani's breach of fiduciary duty (count 8), and we reverse the order sustaining Attorney Feliciani's preliminary objections to Horan's claims of civil conspiracy (count 2), legal malpractice (count 3), breach of fiduciary duty (count 7), and unjust enrichment (count 9).

We next address Horan's claim for declaratory relief (count 11). Horan invokes the Declaratory Judgment Act ("the Act")[4] and requests a decree prohibiting Attorney Dietrich and Attorney Feliciani from practicing in matters involving guardianships and collection matters.

Pursuant to the Act, a court has "power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." 42 Pa.C.S.A. § 7532. The Act is remedial and must be liberally construed. *See id*. § 7541(a). "The purpose of awarding declaratory relief is to finally settle and make certain the rights or legal status of parties." *Geisinger Clinic v. DiCuccio*, 606 A.2d 509, 519 (Pa. Super. 1992); *see also Selective Way Ins. Co. v. Hospitality Group Services, Inc.*, 119 A.3d 1035, 1046 (Pa. Super. 2015) (*en banc*) (stating that "[d]eclaratory judgments are nothing

---

[4] *See* 42 Pa.C.S.A. §§ 7531-7541.

- 14 -

more than judicial searchlights, switched on at the behest of a litigant to illuminate an existing legal right, status or other relation") (citation omitted). The Act focuses on existing rights, often under a contract, regulation, or statute. *See Bayada Nurses, Inc. v. Com., Dept. of Labor and Industry*, 8 A.3d 866, 869 (Pa. 2010) (addressing challenges to a claimed exemption from Pennsylvania's minimum wage law); *see also Wagner v. Apollo Gas Co.*, 582 A.2d 364, 365 (Pa. Super. 1990) (addressing a claim that declaratory judgment was required to ascertain rights and obligations under a contract). The Act does not provide a means to search out new legal doctrines or modify or elucidate judicial decrees. *See Doe v. Johns-Manville Corp.*, 471 A.2d 1252, 1254-55 (Pa. Super. 1984). Relief under the Act is a matter of judicial discretion. *See Bromwell v. Michigan Mut. Ins. Co.*, 716 A.2d 667, 670 (Pa. Super. 1998).

Horan asserts that her claim for declaratory relief and related request for an order prohibiting Attorney Dietrich and Attorney Feliciani from practicing in certain areas of law is a proper invocation of the Act. She emphasizes that she states an actual controversy with Attorney Dietrich and Attorney Feliciani and has a right to seek declaratory relief based on her interests in pursuing claims for the harms caused by the conspiracy. She concludes that she is entitled to a declaration that the conspiracy was illegal and has standing to bring the conspiracy to an end through a declaratory judgment.

Although Judge Moore did not explain his decision to strike the claim for declaratory relief (count 11), Judge Haaz subsequently asserted that Attorney

Dietrich's and Attorney Feliciani's preliminary objections to count 11 were properly sustained for lack of standing. *See* Trial Court Letter, 7/23/21, at 4 n.4.

Following our review, we conclude that the trial court properly sustained the preliminary objections to Horan's claim for declaratory relief. There is no dispute that there is an actual controversy between Horan, as the administratrix of Raffa's estate, and Attorney Dietrich and Attorney Feliciani. Horan may proceed on her claims that Attorney Dietrich and Attorney Feliciani committed wrongful acts that harmed Raffa and Raffa's estate. As stated above, however, the determination of Horan's case is specific to the allegations and facts of her case. Although Horan alleges that Attorney Dietrich and Attorney Feliciani acted pursuant to an ongoing conspiracy in this and other cases, any other cases would similarly require fact-specific inquiries to determine whether their actions in those cases were wrongful and resulted in harm. Horan does not, under the Act, stand in the shoes of other citizens and litigants to seek a decree declaring that Attorney Dietrich's and Attorney Feliciani's conduct was harmful and wrongful in other cases unrelated to this one to enjoin their conduct.[5] Accordingly, we affirm the orders that dismissed her claim for declaratory relief (count 11).

_____

[5] Our decision is limited to the applicability of the Act to the claims alleged in Horan's complaint. As noted by the author of the concurring memorandum, which I join, it appears that Horan's request for injunctive relief to limit the practice of attorneys not related to litigation before the trial court would

*(Footnote Continued Next Page)*

- 16 -

In sum, we affirm the orders to the extent they dismissed Horan's claims of unjust enrichment (count 9) as to Dietrich and declaratory relief (count 11) as to Attorney Dietrich and Attorney Feliciani. We reverse the orders to the extent they dismissed Horan's claims of civil conspiracy (count 2), legal malpractice against Attorney Feliciani (count 3), breach of fiduciary duty by Attorney Feliciani (count 7), Attorney Dietrich's aiding and abetting Attorney Feliciani's breach of fiduciary duty (count 8), and unjust enrichment (count 9) as to Attorney Feliciani.[6]

Orders affirmed in part and reversed in part. Case remanded for further proceedings. Jurisdiction relinquished.

Judge Nichols concurs in the result.

Judge Pellegrini files a concurring memorandum in which Judges Nichols and Sullivan join.

---

infringe on the Supreme Court's exclusive jurisdiction to regulate the practice of law and enforce the rules of professional conduct. **See McCarthy v. Southeastern Pennsylvania Transp. Authority**, 772 A.2d 987, 991 (Pa. Super. 2001) (discussing the limited authority for trial courts to enforce the Code of Professional Conduct ("the Code"), and noting that the trial court's enforcement powers do not extend to a trial court's use of the Code to punish attorney misconduct). If Horan is able to prove Attorney Dietrich's and Attorney Feliciani's conduct in her case, however, it would be within the province of the trial court to take appropriate equitable measures, namely, referring the matter to the Disciplinary Board of the Supreme Court of Pennsylvania.

[6] In light of our disposition, we need not address Horan's third issue in this appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/11/2022</u>