J-A03024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| POLICE ATHLETIC LEAGUE OF PHILADELPHIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1875 EDA 2022 |
| DARRAH SCHOOL REALTY CO., L.P. | : | |

Appeal from the Order Dated July 6, 2022
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 220101111

BEFORE: KING, J., SULLIVAN, J., and STEVENS, P.J.E.*

MEMORANDUM BY SULLIVAN, J.: FILED AUGUST 2, 2023

Police Athletic League of Philadelphia ("PAL") appeals from the order sustaining the preliminary objections filed by Darrah School Realty Co., L.P. ("Darrah") and dismissing PAL's amended complaint with prejudice. We affirm in part, reverse in part, and remand for further proceedings.

The following averments are taken from the amended complaint, which we must accept as true. In 1993, PAL purchased a building ("the property") from Darrah Associates, which also owned an adjacent apartment complex. PAL has operated the property as the Cozen PAL Center to provide charitable programs and services to disadvantaged youth in low income/high crime communities. The deed to the property gave Darrah Associates and its

---

* Former Justice specially assigned to the Superior Court.

successors the right of first refusal "so long as the owner of the Apartment is an organization of which a majority of the shareholders, members[,] or directors (if there are no shareholders or members of such organization) are residents of a majority of the occupied units of the Apartments ("Coop")." Deed, 10/27/93, at unnumbered 5. The deed further provided that "[i]f there shall not be a Coop in existence at the time [PAL] receives a *bona fide* offer to sell the Premises, there shall be no Right of First Refusal." **Id**. Darrah is the successor to Darrah Associates and owns the apartment complex. Thus, Darrah would have the right of first refusal if PAL were to receive a *bona fide* offer for the property, and the apartment complex was still a coop at the time the offer was tendered. However, at some point, the apartment complex no longer met the definition of a "coop," and the right of first refusal ceased to exist.

Since 1993, the area surrounding the property has become gentrified and is no longer the type of low income/high crime community that PAL seeks to serve. Thus, PAL purchased vacant real estate in another section of Philadelphia which is low income/high crime. PAL intended to sell the property and use the sale proceeds to build a new PAL center on the vacant property. Consistent with this plan, PAL contracted to sell the property to North Broad Living Management Company ("North Broad"). However, Darrah asserted a right of first refusal to purchase the property, and Darrah's employees and

counsel advised North Broad of Darrah's purported right of first refusal. The sale to North Broad thereafter fell through.

PAL commenced the instant litigation by filing a complaint asserting a single count which consisted of a claim for quiet title to establish that Darrah does not have a right of first refusal with respect to the property due to the absence of any coop in the apartment. Darrah filed preliminary objections, and PAL filed an amended complaint which included the first count for quiet title and added a second count for declaratory judgment. Darrah filed additional preliminary objections which PAL opposed. In its preliminary objections, Darrah argued: (1) PAL's claim for quiet title at count one of the amended complaint failed to state a cause of action under Pa.R.Civ.P. 1061(b)(2) because a right of first refusal is not an interest "in land;" (2) PAL's claim for declaratory judgment at count two of the amended complaint will not lie because there is no actual controversy between the parties given that a right of first refusal does not cloud title to the property; and (3) the trial court should strike certain averments throughout the amended complaint as scandalous or impertinent pursuant to Pa.R.Civ.P. 1028(a)(2) (*i.e.*, that Darrah's conduct was "duplicitous" and "deceitful," that Darrah made "false statements," and that it deprived numerous youths from access to PAL programs). The trial court entered an order dismissing the amended complaint with prejudice. However, the trial court did not issue an opinion explaining the basis for its ruling.

PAL filed a timely notice of appeal, and the trial court ordered PAL to file a Pa.R.A.P. 1925(b) concise statement. PAL raised three issues in its concise statement. However, in its Rule 1925(a) opinion, the court did not address PAL's issues, and instead merely requested that this Court vacate its dismissal order and remand the case for further proceedings.

PAL raises the following issues for our review:

1. Did the trial court err in dismissing [PAL's] claim for quiet title as a matter of law?

2. Did the trial court err in dismissing [PAL's] claim for declaratory judgment as a matter of law?

3. Did the trial court err in appearing to strike certain averments in the amended complaint pursuant to Pa.R.Civ.P. 1028(a)(2)?

PAL's Brief at 5 (unnecessary capitalization omitted).

Our scope and standard of review of an order sustaining preliminary objections is well-settled:

> Our standard of review of an order of the trial court overruling or [sustaining] preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it

should be resolved in favor of overruling the preliminary objections.

***Fiedler v. Spencer***, 231 A.3d 831, 835-36 (Pa. Super. 2020) (citations omitted).

In its first issue, PAL challenges the trial court's ruling that its claim for quiet title was legally insufficient. Pennsylvania Rule of Civil Procedure 1061 governs quiet title actions. PAL asserted a claim for quiet title pursuant to subsection (b)(2), which provides that an action for quiet title may be brought:

> (2) where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land;

Pa.R.Civ.P. 1061(b)(2).

PAL contends that the right of first refusal contained in the deed to the property is a right in land. Accordingly, PAL maintains that its claim for quiet title states a claim for relief under Rule 1061(b)(2) because it seeks to determine the validity or discharge of a deed affecting a right in land.

Darrah contends that PAL's claim for quiet title fails to state a claim for relief because, pursuant to Rule 1061(b)(2), the "right, lien, title, or interest" in question must be "in land" itself, rather than merely the personal obligations of a party who owns the land. Darrah argues that a right of first refusal is not an interest in land, nor a claim to title of the property, nor a covenant which runs with the property. Instead, Darrah maintains that it is a right that is personal to the contracting parties. Darrah also argues that a party may not

bring an action under Rule 1061(b)(2) unless the party is not in possession of the subject property.[1, 2]

A right of first refusal is not an interest in land. *See Citimortgage, Inc. v. Comini*, 184 A.3d 996, 1000 (Pa. Super. 2018) (explaining that a right of first refusal is a stipulation that gives "no title to or interest in the land, and creates only a personal obligation . . . [ which is] 'exclusively contractual'"). Moreover, a plaintiff asserting a claim for quiet title under Rule 1061(b)(2) must be out of possession of the property. *See Siskos v. Britz*, 790 A.2d 1000, 1006-07 (Pa. 2002) (holding that "[a] party will file a Rule 1061(b)(2) Action to Quiet Title when she is not in possession, does not have the right to possess the land, and wishes to determine all rights in the land"). Thus, we

_____

[1] PAL argues that, because Darrah did not raise its "not in possession" argument before the trial court, it is waived. PAL appears to conflate the concept of issue preservation, which requires an appellant to preserve issues for appellate review, with the unrelated matter of an appellee asserting additional arguments to support the trial court's ruling. Notably, this Court may affirm the trial court's ruling on any valid basis appearing of record, regardless of whether the parties raised it. *See In re T.P.*, 78 A.3d 1166, 1170 (Pa. Super. 2013) (holding that this Court may affirm a trial court's ruling on any valid basis appearing of record).

[2] PAL further contends that, had Darrah raised the "not in possession" argument in its preliminary objections, PAL might have amended its complaint to assert a claim for quiet title under Rule 1061(b)(3), which allows a plaintiff to be in possession of the property. In making this assertion, PAL implicitly acknowledges that it cannot assert a claim under Rule 1061(b)(2), and that it should have proceeded under Rule 1061(b)(3), which permits an action for quiet title in order "to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land." Pa.R.Civ.P. 1061(b)(3).

discern no error by the trial court in sustaining Darrah's first preliminary objection on the basis that PAL's claim for quiet title failed to state a cause of action under Rule 1061(b)(2). We therefore affirm the trial court's order as it pertains to Darrah's first preliminary objection.

In its second issue, PAL challenges the trial court's ruling that its claim for declaratory judgment at count two of the amended complaint was legally insufficient. The Declaratory Judgment Act ("the Act") provides, in relevant part:

> Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder.

42 Pa.C.S.A. § 7533.

In order to establish a right to relief through a declaratory judgment, a plaintiff must establish a direct, substantial, and present interest. *See Bromwell v. Michigan Mut. Ins. Co.*, 716 A.2d 667, 670 (Pa. Super. 1998). Further, a plaintiff must demonstrate that an actual controversy exists. *Id*. The prime purpose of the Act is to speedily determine issues that would be delayed, to the possible injury of those interested if they were compelled to wait the ordinary course of judicial proceedings. *See Osram Sylvania Products, Inc. v. Comsup Commodities, Inc.*, 845 A.2d 846, 849 (Pa. Super. 2004).

In addition, the Act states that "[t]he court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding, but as provided in section 7541(b) (relating to effect of alternative remedy), the existence of an alternative remedy shall not be a ground for the refusal to proceed under this subchapter." 42 Pa.C.S.A. § 7537.

PAL argues that its claim satisfies the requirements of the Declaratory Judgment Act because: PAL and Darrah are persons interested under the deed which affords Darrah a conditional right of first refusal; PAL is seeking to have a question of construction of the deed determined by the trial court (*i.e.*, whether Darrah has satisfied the condition precedent to assert the right of first refusal by still having a "coop" in the apartment); PAL has a direct, present, and substantial interest in the property as its owner; and there is an actual controversy between the parties as to whether Darrah has a right of first refusal in the property.

When viewing all of the material facts set forth in the amended complaint as true, as well as all inferences reasonably deducible therefrom, we conclude that PAL pleaded an actual controversy between the parties which the trial court could have adjudicated via a declaratory judgment. PAL averred in the amended complaint that Darrah asserted a right of first refusal to purchase the property when PAL received a *bona fide* offer from North Broad.

*See* Amended Complaint, 4/13/22, at ¶¶ 30-36. The right of first refusal is set forth in the deed to the property, which is recorded and is a matter of public record that all prospective buyers may access. PAL accordingly asked the trial court to declare that the right of first refusal is now null and void and ceased to exist because there is no longer a coop in Darrah's apartment complex. Thus, PAL has a direct, substantial, and present interest in obtaining a speedy judgment declaring that Darrah has no right of first refusal in the property. Moreover, a declaratory judgment would terminate the controversy giving rise to the instant proceedings. *See* 42 Pa.C.S.A. § 7537. Accordingly, the trial court erred in sustaining Darrah's second preliminary injunction. We therefore reverse the order as it pertains to the second preliminary objection.

In its third issue, PAL contends that, if the trial court granted Darrah's third preliminary objection pursuant to Rule 1028(a)(2), then it erred by doing so. Rule 1028(a)(2) provides that a party may file a preliminary objection for the "failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter." Pa.R.Civ.P. 1028(a)(2). Here, in its third preliminary objection, Darrah requested that the trial court strike certain averments throughout the amended complaint.

Given that the trial court dismissed the amended complaint in its entirety, with prejudice, it appears that the trial court did not reach Darrah's third preliminary objection or rule on it. Indeed, there would be no need to excise certain verbiage from a viable pleading where, as here, the entire

pleading was dismissed with prejudice. Accordingly, we need not address the issue.

In sum, we affirm the trial court's order as it pertains to Darrah's first preliminary objection, reverse the order as it pertains to Darrah's second preliminary objection, and remand for further proceedings.

Order affirmed in part and reversed in part. Case remanded. Jurisdiction relinquished.

President Judge Emeritus Stevens joins this decision.

Judge King did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/02/2023