532 A.2d 882

Brad AVRICH & Candice Avrich, Two Minors, by Jack AVRICH & Ginny Avrich, Their Parents and Natural Guardians and Jack Avrich & Ginny Avrich in Their Own Right, Appellants,

v.

GENERAL ACCIDENT INSURANCE CO., Universal Underwriters Insurance, Leon Rothrock and Daniels Cadillac.

Superior Court of Pennsylvania.

Argued Sept. 22, 1987.

Filed Oct. 23, 1987.

Norman E. Blatt, Jr., Allentown, for appellants.

Kevin J. Kelleher, Bethlehem, for appellees.

Before CIRILLO, President Judge, and McEWEN and TAMILIA, JJ.

TAMILIA, Judge:

Appellants in this case appeal from a March 11, 1987 Order of the Lehigh County Court of Common Pleas which sustained the preliminary objections of appellee General Accident Insurance Company and dismissed appellants' complaints.

The facts surrounding the appeal are that appellants Ginny Avrich and her two children, Brad and Candice Avrich, were injured in an automobile accident on May 13, 1985, when the car operated by Mrs. Avrich collided with a car operated by Leon Rothrock. Appellants allege the cause of the accident was Rothrock's failure to stop at a stop sign. Rothrock had been test-driving a vehicle owned by Daniels Cadillac, Inc. Daniels is insured by Universal Underwriters Insurance Company and Rothrock is insured through General Accident Insurance Company. Appellants

submitted claims to both companies and were denied payment by each. General Accident denied the claim on the grounds that it is the excess carrier and is only liable for payments in excess of the coverage of Universal. Universal denied the claim on the basis that Leon Rothrock is not a named insured and that the appellants' claim is outside the scope of the policy.

On September 10, 1986, appellants filed a complaint seeking a declaratory judgment of the insurers' obligation to pay.[1] General Accident filed preliminary objections to this complaint on December 10, 1986. These objections were the appellants lacked standing to file a declaratory judgment, the appellants had no interest in any coverage questions between the appellees, no actual case or controversy existed and the controversy would not be terminated if appellants were granted the requested relief, and thus the court lacked jurisdiction. The court, after entertaining argument, entered the March 11, 1987 Order in question sustaining the preliminary objections. Appellants timely filed appeal on March 20, 1987.

After a thorough review of the record, this Court finds no error in the trial court's determination that the relief sought by the appellants is outside the purview of the Declaratory Judgment Act. The Declaratory Judgment Act provides at 42 Pa.C.S.A. § 7532:

§ 7532. **General scope of declaratory remedy**

Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

1. Appellants, in a separate action, also sought recovery from Rothrock and Daniels Cadillac for their personal injuries.

According to the Court, in *Cloonan v. Thornburgh,* 103 Pa.Cmwlth. 1, 519 A.2d 1040 (1986) (citations omitted), "[t]he issuance of a declaratory judgment is a matter of judicial discretion which should only be exercised to illuminate an existing right, status or legal relation.... The Declaratory Judgment Act, 42 Pa.C.S. §§ 7531–7541, is broad in scope and is to be liberally construed and administered, but it is not without its limitation." *Id.* at ——, 519 A.2d at 1045–46.

Although the granting of a declaratory judgment petition is a matter which is within the judicial discretion of the court, the availability of the declaratory judgment in a case of this nature must be determined on appeal. *See Stevenson v. Stein,* 412 Pa. 478, 195 A.2d 268 (1963); *State Farm Mutual Automobile Insurance Co. v. Semple,* 407 Pa. 572, 180 A.2d 925 (1962) and citations therein.

In *South Whitehall Township v. Commonwealth Dept. of Transportation,* 82 Pa.Cmwlth. 217, 475 A.2d 166 (1984), the Commonwealth Court said:

> In seeking declaratory relief, a plaintiff must establish an interest which 'must be a direct, substantial and present interest, as contrasted with a remote or speculative interest.' For declaratory relief to be appropriate, there must exist an actual controversy.

*Id.* at 221, 475 A.2d at 169 (citations omitted).

The Commonwealth Court further noted in *Chester Upland School District v. Commonwealth,* 90 Pa.Cmwlth. 464, 495 A.2d 981 (1985):

> Declaratory judgment is not appropriate to determine rights in anticipation of events which may never occur. It is an appropriate remedy only where a case presents antagonistic claims indicating imminent and inevitable litigation.

*Id.* at 468, 495 A.2d at 983 (citations omitted).

Appellants in the instant action have failed to demonstrate any direct, substantial and present interest on their part in having the insurance contracts in question construed, as they have not yet obtained a judgment in the

personal injury case against any of the appellees. Since the negligent party will not be determined until the outcome of that trial and appellees may not be found in any way liable, to seek a declaratory judgment to determine the duty of the insurers to pay is to seek to determine rights which may never occur. "The events which might bring these parties into actual conflict are thus too remote to justify our resolution of this dispute by declaratory judgment." *South Whitehall Township, supra* 82 Pa.Cmwlth. at 221, 475 A.2d at 169.

Appellants urge their action falls within the confines of section 7533 of the Act. That section reads:

### § 7533. Construction of documents

Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder.

Their reliance upon this section is misplaced, however, since they are not parties to the insurance contract and they have no rights under the contracts.

Further, appellant's contention that *Palladino v. Dunn,* 361 Pa.Super. 99, 521 A.2d 946 (1987) gives tacit approval to declaratory judgments, under circumstances similar to those in the case at hand, fails. In *Palladino,* the accident which formed the underlying basis for the declaratory judgment action required a finding as to which policy covered the decedent. Ownership of the automobile was at issue since decedent refused to accept transfer of the car until she test-drove it, during which time she was killed. That issue was immediately before the court and required resolution so that a claim could be made against the appropriate insurer, that of decedent or that of the automobile agency. Here, we are considering a third party claim, one step removed from the issue of coverage, as liability must be

ascertained before a claim can be made against any insurer, whether it be that of appellants, appellee General Accident or appellee Underwriters. We sympathize with appellants that it would be helpful to know which insurer might be ultimately responsible for payment of a claim; however, until liability is established in the underlying claim, that issue is not before the trial court. Appellants are not privy to the insurance contracts and are premature in alleging rights as third party beneficiaries to have such a claim considered. We should not require a trial court to entertain a declaratory judgment proceeding because it might reduce delay in the ultimate resolution of an issue when it is uncertain that a determination requiring such a declaration will ever occur. It is also mere speculation on the part of appellants that if liability is established against Rothrock further litigation will be required to establish coverage between the two insurance carriers.

Order affirmed.