## Borough of Throop v. Palumbo

*Rose Ann McGowan,* for plaintiff.
*Thomas Nolan,* for defendant.

COTTONE, *J.,* November 1, 1988—This matter comes by way of defendant's preliminary objections.

By way of background, on May 12, 1988, plaintiff filed with the court two separate complaints against the above-named defendants. One complaint comprises an action in equity for declaratory relief. The other is an action at law for conversion. Plaintiff's attorney apparently believed that both causes of ac-

tion could not be alleged in a single complaint. In any event, defendant's preliminary objections focus solely on the complaint in equity for declaratory relief. Therefore, we limit our discussion to that complaint.

The complaint alleges that plaintiff, a municipal corporation, advertised an "invitation to bid" on a 21.2 acre tract of land. Plaintiff accepted a bid on the above-mentioned property from defendant, Joseph Palumbo Sr., individually and d/b/a Palumbo Contracting Company. On December 31, 1985, the land was conveyed to Tiffany Estates Inc., grantee. Plaintiff alleges that Palumbo created Tiffany Estates to "receive conveyance" of the property.

The central dispute in this case concerns the size of property advertised in the "invitation" and the size of the property actually conveyed. The "invitation" for the sale and development of "21 acres, more or less" provides a description of the property in metes and bounds, as was contained in the deed. The contract for the sale of the property describes the property as "± 21 acres" and "21 acres, more or less." However, neither the description set forth in the "invitation" nor the description set forth in the sale contract included a clause contained at the very end of the deed excepting a 5.4 tract of land claimed by adverse possession and recorded in the Lackawanna County Recorder of Deeds Office. Thus, the tract of land that could actually be conveyed consisted of 15.8 acres.

The thrust of plaintiff's claim is that, since the tract of land actually conveyed by deed to defendant, Tiffany Estates, did not conform to the tract of land described in the bid, and since plaintiff accepted the bid from defendant-Palumbo, who signed the sale contract, and not defendant, Tiffany Estates,

this court should declare the deed to Tiffany Estates null and void.

Defendant's first preliminary objection raises the appropriateness of plaintiff's request for declaratory relief. Section 7532 of the Declaratory Judgment Act* provides, in pertinent part:

"Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. . . ."

"The issuance of a declaratory judgment is a matter of judicial discretion which should only be exercised to illuminate an existing right, status or legal relation. It may not be used to search out new legal doctrine." *Cloonan v. Thornburgh,* 103 Pa. Commw. 1, 11, 519 A.2d 1040, 1045 (1986). Additionally, for declaratory relief to be appropriate, an actual controversy must exist. See *Avrich v. General Accident Insurance,* 367 Pa. Super. 248, 532 A.2d 882 (1987).

The present issue is whether this court can nullify or rescind a written contract for the sale of land, which has already been conveyed by plaintiff to defendant, Tiffany Estates Inc., within the framework of a declaratory judgment action. We think not. It is well-settled that courts are not authorized to reform written instruments in the context of a declaratory judgment action. *New London Oil Co. v. Ziegler,* 336 Pa. Super. 380, 485 A.2d 1131 (1984). It follows that this court cannot nullify a written agreement, especially where there has been no allegation of fraud, accident or mistake. Furthermore, there is no present controversy surrounding the sale of this land. Finally, an adequate remedy exists for plaintiff by way of an action to rescind the agreement. Accordingly, we will grant defendant's preliminary ob-

---

* Act of July 9, 1976, P.L. 586, §2, effective June 27, 1978.

jection in the nature of a demurrer for failure to state a cause of action of declaratory relief.

## ORDER

Now, November 1, 1988, for the reasons stated in the foregoing opinion, it is hereby ordered that defendant's preliminary objection in the nature of a demurrer is granted. Plaintiff's complaint for declaratory relief is dismissed without prejudice.