609 A.2d 564

**HARLEYSVILLE MUTUAL INSURANCE COMPANY
and Richard Mills, Appellants,**

v.

**Anthony Eric MADISON, William Tiller, Individually, and as
the Administrator of the Estate of Carla Vanessa Payne
a/k/a Carla Vanessa Payne Tiller, a/k/a Carla Vanessa Till-
er, Deceased, Robin Payne, Jody L. Kenny, Jeff Reimers,
Randal Lee Barnes, and Wind River Trucking, Inc., a Corpo-
ration, Appellees.**

Superior Court of Pennsylvania.

Argued March 5, 1992.

Filed June 24, 1992.

362

Thomas J. Madigan, Pittsburgh, for appellants.

Albert C. Gaudio, Monessen, for appellees.

Before DEL SOLE, JOHNSON and FORD ELLIOTT, JJ.

DEL SOLE, Judge:

This is an appeal from a trial court order granting defendant's preliminary objections and dismissing Appellant's Complaint, ruling that was appropriate to refuse jurisdiction over Appellant's action for declaratory judgment. The trial court based its ruling upon its finding that the declaratory judgment action sought judgment "on matters which are speculative and which may never occur."

The underlying action was filed as a consequence of a tragic vehicular accident. The automobile involved was owned by Ricardo Mills and insured by him under a policy issued by Appellant, Harleysville Mutual Insurance Company (Harleysville). The car was being driven by Anthony Madison and traveling with him were nine passengers. Two passengers were injured and one was killed as a result of an accident which involved the automobile and a tractor trailer.

Those injured together with the estate of the deceased passenger instituted actions against Mills, Madison, and others related in some manner to the tractor trailer. The Complaints alleged that Mills negligently entrusted his vehicle to Madison and that Madison's negligence in the operation of the car caused the accident.

Harleysville's investigations led them to adopt the position that Madison was not granted permission to use the Mills vehicle on the day of the accident. As a result of this conclusion Harleysville filed a complaint in action for declaratory judgment seeking a determination that it did not have a duty to defend or indemnify Madison under the policy it issued to Mills which contained an exclusion from coverage for "any person using [a covered] vehicle without a reasonable belief that that person is entitled to do so." Appellees filed preliminary objections to the complaint, which the trial court granted based upon its conclusion that the controversy was too remote for declaratory judgment jurisdiction.

The trial court premised its ruling on the conclusion that the outcome of the third party proceedings will determine whether there was a conversion or negligent entrustment of the vehicle and that the relief Harleysville seeks in the form of a declaration may not be necessary following the resolution of the ancillary proceedings. In support of its decision the trial court referenced *Avrich v. General Accident Insurance Co.*, 367 Pa.Super. 248, 532 A.2d 882 (1987) for the proposition that a declaratory judgment action is inappropriate to determine rights in anticipation of events which might never occur, and *Prudential Property and Casualty Insurance v. McDaniel*, 342 Pa.Super. 557, 493 A.2d 731 (1985), for its holding that where ancillary proceedings have been used to resolve the issues, a declaratory judgment action is improper. While the trial court correctly notes the holdings of these cases, which remain valid, these cases are clearly inapplicable to the factual situation presented in this case.

In *Avrich* parties injured in an automobile accident with another vehicle sought to have resolved a question of whether the insurer of the second car owner or the insurer of the second car driver would be obligated to pay. The court ruled that the injured parties, who were not parties to the insurance contracts at issue and who had not obtained a judgment in a personal injury action, could not demonstrate any present interest in having the insurance contracts in question construed.

■ The situation in *Avrich* clearly differs from that presented in this case where the insurance company which may ultimately be required to provide coverage is seeking a determination of its duty under its own policy provisions to one accused of negligence in a related action. Here the plaintiff is the insurance company seeking an interpretation of its policy, not a third party seeking a determination of which insurer will ultimately be responsible if plaintiff should win an award.

The case of *Prudential v. McDaniel, supra,* was also misapplied by the trial court to this case. *Prudential* concerned an attempt by an insurance company to collaterally attack an unfavorable arbitration decision. The court ruled that the plaintiffs could not obtain review of an arbitration award by means of a declaratory judgment proceeding which sought to have determined whether the arbitration award was invalid. In this case, however, there has been no prior judicial proceeding and the issues regarding the third party action in this case are dissimilar to the issues found in *Prudential* regarding the validity of an arbitration decision.

■ Harleysville's declaratory judgment action also does not seek, as the trial court suggests, to litigate the same issues which will be addressed in the third party action. Harleysville in its complaint seeks relief in the form of a declaration that it owes no duty to defend Madison in the related action and correspondingly no duty of indemnification. In the third party action the plaintiffs make a claim of negligent operation of the vehicle against Madison and a separate claim of negligent entrustment against Mills. Harleysville does not dispute its duty to defend its insured, Mills. However, a determination of whether Harleysville should defend against the claim of negligent operation by Madison depends upon a finding of whether Madison is an insured under the Mills policy. This is separate and distinct issue from the negligence questions which will need to be resolved in the third party action.

Declaratory judgment actions have, in the past, been used to resolve issues of an insurance company's duty to defend and indemnify. In *Uguccioni v. USF & G*, 408 Pa.Super. 511, 597 A.2d 149 (1991) a person was killed while operating an all-terrain vehicle on a private roadway. An action was commenced on behalf of the deceased against the owner of the vehicle. The insurance company which provided a homeowner's policy to the owners of the vehicle refused to defend. In a declaratory judgment action the trial court held that the insurance carrier was required to defend the action brought against its insureds and indemnify them in the event they were found liable for the death of the driver. This court affirmed, finding that the vehicle was on an "insured location" at the time of the fatal accident and the provisions of the policy applied.

Most recently in *Solcar v. Pa. Manufacturer's Assoc. Ins. Co.*, 414 Pa.Super. 110, 606 A.2d 522 (1992), a declaratory judgment proceeding was utilized to determine whether the plaintiff's insurance policy covered damages resulting from plaintiff's concrete work, and if so, whether the insurer was required to defend it in pending lawsuits in which the insured was an additional defendant. Therein the court referred to earlier pronouncements regarding an insurer's duty:

> [i]t is axiomatic that an insurer under a general liability policy has two duties to its insured. The first duty is to defend its insured against claims where the allegations are sufficient to bring those claims under the terms of the policy and the second duty is to pay that which it has agreed to pay in appropriate cases under the terms of the policy.

*Id.*, 414 Pa.Superior Ct. at 110, 606 A.2d 522, citing *Creed v. Allstate Ins. Co.*, 365 Pa.Super. 136, 529 A.2d 10, 11 (1987).

The court in *Solcar* ultimately ruled that the allegations of the underlying action did not identify a claim which would be covered under the insurance policy. Accordingly, the trial court's entry of summary judgment in favor of the insurer in the declaratory judgment action was affirmed.

■ In the instant case Madison's relationship with Harleysville has properly been brought into question by means of a declaratory judgment action. If it is found that Madison fits the definition of an insured under the policy Harleysville had with Mills, then Harleysville will be required to defend him and ultimately be responsible for indemnification in the event the related suit should result in the plaintiff's favor. Contrary to the trial court's ruling, Harleysville rights and duties to its potential insured cannot await a determination of the negligence action. Harleysville has right to seek a judicial determination of its obligations to Madison, including its duty to defend him, in advance of the conclusion of the negligence action. Because the trial court misapplied the existing law to this issue, we reverse its order granting defendants' preliminary objections and dismissing Harleysville's complaint.

Order granting preliminary objections and dismissing Complaint in declaratory judgment action is reversed. Case remanded for further proceedings not inconsistent with this opinion. Jurisdiction relinquished.

FORD ELLIOTT, J., notes her dissent.