

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2008

# Hayes v. Pgh Bd Pub Ed

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2027

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Hayes v. Pgh Bd Pub Ed" (2008). *2008 Decisions.* Paper 1174.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1174

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2027/2028
_____

NANCY HAYES;
JOHN DEVINE

v.

PITTSBURGH BOARD OF PUBLIC EDUCATION;
SCHOOL DISTRICT OF THE CITY OF PITTSBURGH;
JEAN FINK; ELIZABETH HEALY; ALEX MATTHEWS;
EVELYN B. NEISER; MAGGIE SCHMIDT;
RONALD L. SUBER; RANDAL TAYLOR; JEAN E. WOOD;
DARLENE HARRIS, individually

Nancy Hayes,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 02-cv-00594)
District Judge: Honorable Maurice B. Cohill, Jr.
Submitted Under Third Circuit LAR 34.1(a)
January 31, 2008

Before: RENDELL and CHAGARES, <u>Circuit</u> <u>Judges</u>,
and POLLAK,[*] <u>District Judge</u>.
_____

---

[*]Honorable Louis H. Pollak, Senior Judge of the United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

_____

OPINION OF THE COURT

_____

CHAGARES, <u>Circuit Judge</u>.

Nancy Hayes and John Devine (Plaintiffs) appeal the District Court's adverse grant of summary judgment. They contend that the School District of the City of Pittsburgh (the District) deprived them of due process when they were not offered teaching jobs at certain Pittsburgh-area schools. As Plaintiffs have failed to demonstrate an actionable violation of their due process rights, we will affirm the District Court's judgment.

I.

As we write mainly for the parties, we only briefly recite the facts. Pennsylvania law requires the District to maintain eligibility lists of teaching applicants for the various subjects and grade levels for which teachers are certified to teach. 24 Pa. Stat. § 21-2110. The District may only hire from the top five applicants on the list (or from the top 10% of applicants, if more than 50 people apply). <u>See id.</u> Plaintiffs met the requisite hiring threshold on their respective eligibility lists (Hayes to teach preschool through third grade, Devine to teach biology). Nevertheless, they alleged, various job openings were filled with lower ranked individuals—without Plaintiffs first being afforded notice or an

opportunity to be heard.[2]  As a result, Hayes and Devine sought money damages for the

District's purported violation of the Civil Rights Act of 1872, a writ of mandamus

directing the District in various regards, and a declaratory judgment stating that the school

board may not bypass applicants without notice and an opportunity to be heard.[3]  The

District Court granted defendants' motion for summary judgment on all counts, finding,

*inter alia*, that Plaintiffs "were either not qualified for the specific positions at issue, were

bypassed due to their unavailability, or were interviewed and found to be unworthy of

hiring."  Hayes v. Pittsburgh Bd. of Pub. Educ., 2007 WL 760518, slip op. at *12 (W.D.

Pa. 2007).

II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367.  We have

jurisdiction pursuant to 28 U.S.C. § 1291.

We exercise plenary review over the District Court's grant of summary judgment.

Abramson v. William Paterson Coll. of N.J., 260 F.3d 265, 276 (3d Cir. 2001).  We will

affirm if there is no genuine issue as to any material fact and if the moving party is

entitled to judgment as a matter of law.  Id.

---

[2] Hayes was, however, hired for a position during the 2001-2002 school year;
Devine removed himself from the eligibility list during that same period.

[3] Plaintiffs' complaints (identical in all material respects) named as defendants not
only the District, but the school board, the school board members, and various District
employees as well.

3

Where a "section 1983 plaintiff claims a procedural due process violation, his claim is dependent upon the denial of a constitutionally protected property or liberty interest." Piecknick v. Com. of Pa., 36 F.3d 1250, 1256 (3d Cir. 1994); see U.S. Const. Amend. XIV, § 1. "One alleging a property interest in a benefit protected by due process must go beyond showing an unsubstantiated expectation of the benefit . . . [h]e must, instead, have a legitimate claim of entitlement to it." Piecknick, 36 F.3d at 1256. "The plaintiff must demonstrate entitlement to a property interest created expressly by state statute or regulation or arising from government policy or a mutually explicit understanding between a government employer and an employee." Carter v. City of Phila., 989 F.2d 117, 120 (3d Cir. 1993).

III.

Attempting to show a property interest arising from a government policy, Plaintiffs rely in large part on Stana v. Sch. Dist. of City of Pittsburgh, 775 F.2d 122 (3d Cir. 1985). In Stana, we explained that where a teaching applicant's retention on an eligibility list was a *sine qua non* for her placement in a teaching position within the school district, removal from that list implicated a constitutional "property" interest created by state law.[4] By extension, we carefully noted that under the circumstances of that particular case, the

---

[4] As we acknowledged, the school district's policy "for placement and rank on the list and for maintenance of names on that list for a specified period of time," created a "legitimate entitlement" that qualified applicants would remain on the list. Stana, 775 F.2d at 126.

school district's bypassing the name of a teaching applicant on an eligibility list can constitute an effective removal from the list. Id. at 127. In that case, the assistant director of personnel for the school district—who was responsible for updating the files of persons on eligibility lists with current information—noticed that the plaintiff-applicant was teaching at a private school in the area at the time. The assistant director asked the private school's principal for his evaluation of the applicant, and the principal told the assistant director that the applicant's teaching performance was unsatisfactory. The assistant director took no action with respect to this negative evaluation until close to a year later, when he convened a committee to re-evaluate the applicant's credentials. However, before that point, a teaching position became open. Rather than giving the applicant's name to the school's principal for consideration, the assistant director passed over the applicant (then, the only available person on the eligibility list), and the school district hired someone not on the list. The applicant's name was subsequently removed from the list entirely. Id. at 124.

The instant case, however, is distinguishable from Stana and thus falls outside the rule that bypassing an applicant's name on an eligibility list may implicate a property right. Here, as the District Court's opinion comprehensively set forth, Plaintiffs were not qualified, not available (for failing to respond to the District's phone calls), or found to be unworthy (because of an unsatisfactory interview) for the positions they contend they should have been asked to fill. Moreover, while there were positions for which plaintiff

5

Hayes was "qualified," they were positions for which a more qualified candidate was available, and thus hired.[5] Given the District's policy of hiring dual-certified teachers over teachers with just one certification—to increase flexibility in staffing—Hayes had no "legitimate claim of entitlement" to not being passed over for a more qualified applicant. See Piecknick, 36 F.3d at 1256. As Plaintiffs identify no property interest to which they had a legitimate claim of entitlement, their due process claims directed at the District, the School Board, and the various employees and School Board members all necessarily fail.[6]

---

[5] For example, there are certain subject areas or grade levels that have overlapping certifications (e.g., an Early Childhood certified teacher may teach preschool through third grade, while an Elementary certified teacher may teach kindergarten through sixth grade). Typically, in this situation, principals hire from the Elementary list for greater flexibility to accommodate the year-to-year movement of teachers. Appendix (App.) 297-98.

[6] Plaintiffs also point to a "second constitutionally protected property right . . . to an adjudication under the local agency law." Br. in Opp'n to Defs.' Mot. for Summ. J. at 11; App. 58. According to Plaintiffs, Pennsylvania Local Agency Law treats all hiring decisions as "adjudications" and requires that "[a]ll adjudications . . . be in writing." See Pa. C.S.A. § 555. Defendants' failure to do so in this case, Plaintiffs argue, deprived Plaintiffs of due process.

Contrary to Plaintiffs' assertions, there was no adjudication in this case as none of the defendants' actions implicated Plaintiffs' rights. In Matter of Condemnation by Urban Redevelopment Authority of Pittsburgh, 594 A.2d 1375, 1378-79 (Pa. 1991), the Pennsylvania Supreme Court explained that a city planning commission's certification of blight was not an "adjudication" under the Local Agency Law because such a distinction does not necessarily have a legal affect on property rights. Just as in Matter of Condemnation, the various determinations that Plaintiffs complain of—such as the District's decision to pass over a teaching applicant for failing to answer the District's calls—did not necessarily have a legal effect on Plaintiffs' property rights. See id. Accordingly, there was no adjudication and due process is not implicated.

IV.

The remainder of Plaintiffs' appeal concerns their claims seeking a writ of mandamus and a declaratory judgment. As to the first, the District Court properly explained that "[a] writ of mandamus . . . is an extraordinary remedy . . . [whose] purpose is not to establish legal rights, but to enforce those rights already established beyond peradventure." Hayes, 2007 WL 760518 at *16 (quoting Africa v. Horn, 701 A.2d 273, 275 (Pa. Cmmw. 1997)). As to the second, the Court rightly noted that "[t]he issuance of a declaratory judgment is a matter of judicial discretion which should only be exercised to illuminate an existing right, status or legal relation." Hayes, 2007 WL 760518 at *17 (quoting Avrich v. Gen. Accident Ins., 532 A.2d 882, 883 (Pa. Super. 1987)). As we discussed above, Plaintiffs have identified no "existing right," let alone a right existing beyond peradventure, and we will therefore affirm the District Court as to these counts as well.

V.

For the foregoing reasons, we will affirm the judgment of the District Court.

7