IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nancy Colbert,
                Petitioner             :
                                   :
        v.                        :    No. 241 M.D. 2023
                                   :    Submitted: February 6, 2024
President Judge John Hall, Court of    :
Common Pleas,                     :
                Respondent     :


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
PER CURIAM                                    FILED:  April 5, 2024


President Judge John Hall of the Court of Common Pleas of Chester County (Hall) filed preliminary objections to the amended petition for review filed by Nancy Colbert (Colbert), *pro se*.  Hall challenges this Court's jurisdiction, Colbert's standing, and whether Colbert has stated her claims properly.  We sustain Hall's preliminary objection contesting this Court's jurisdiction and transfer the matter to our Supreme Court.

## I. BACKGROUND[1]

Colbert states that she was in a courtroom with two signs forbidding (1) all cell phone use and (2) recording without court permission.  Am. Pet. for Rev.,

---

[1] "[W]e accept as true all well-pleaded material facts set forth in the petition for review and all inferences fairly deducible from those facts." *Robinson Twp. v. Commonwealth*, 83 A.3d 901, 917 (Pa. 2013) (*Robinson*) (cleaned up).  We may also consider documents or exhibits attached to the petition for review.  *Diess v. Pa. Dep't of Transp.*, 935 A.2d 895, 903 (Pa. Cmwlth. 2007).  We may reject "conclusions of law or argumentative allegations." *Small v. Horn*, 722 A.2d 664, 668 (Pa. 1998) (citation omitted).  We construe *pro se* pleadings liberally.  *Hill v. Pa. Dep't of Corr.*, 271 A.3d 569, 578 (Pa. Cmwlth. 2022).

6/6/23, ¶ 6.[2]  She claims that on two occasions, a constable warned her not to record but that the constable and presiding judge did not similarly warn the attorneys and police officers also present in the courtroom.  *Id.* ¶¶ 7-10.

In response, Colbert filed a request with the court administrator under the Right-to-Know Law, Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.  *Id.* ¶ 13.  Colbert requested, *inter alia*, records addressing a judge's authority to prohibit (1) cell phone use by the public but not lawyers and police officers and (2) attendees from recording a public courtroom session.  *Id.*  Per Colbert, the administrator did not provide records but referred Colbert to Pa.R.Crim.P. 112, Pa.R.J.A. 1910, and a 2016 administrative order.  *Id.* ¶ 14.  Colbert expresses her confusion about why lawyers and police officers were permitted to use their cell phones.  *See id.* ¶¶ 15-19.  She notes that she appealed the response to her records request to Hall and labels Hall's reply as unresponsive.  *Id.* ¶¶ 23-27.

Apparently dissatisfied with Hall's response, Colbert sued Hall, raising two claims, as best as we can discern.  First, Colbert raises a First Amendment claim, U.S. Const. amend I, reasoning that the signs and the 2016 administrative order are unconstitutional.  *Id.* ¶ 20 (citing *Phila. Bail Fund v. Arraignment Ct. Magistrate Judges*, 440 F. Supp. 3d 415 (E.D. Pa. 2020)).  Second, Colbert asserts some form of equal protection or due process claim.  *Id.* ¶¶ 19, 21-22.  Colbert reasons that "arbitrary behavior" occurred because the lawyers and police officers ignored the two signs, whereas the public was "forced to obey . . . ."  *Id.* ¶¶ 21-22, 28.  Colbert "demands access to public records without threat of arrest" and "equal protection

---

[2] The docket reflects that Colbert has filed a single amended petition for review although she has labeled it a second amended petition.

2

under the law for all . . . ." *Id.* ¶¶ 33-34.[3]

Colbert requests a declaratory judgment that she was denied "free public access" to courtroom proceedings. *Id.* at 11-12 (prayers for relief). In Colbert's view, equal protection requires that any rules or restrictions on cell phone use be applied equally to everyone in the courtroom. *Id.* Similarly, she states that "all participants and witnesses of a public courtroom proceeding" have a "First Amendment right to record a public event." *Id.* Thus, Colbert requests that future orders ensure "the First Amendment right to record a public event . . . ." *Id.*[4]

In response, Hall filed preliminary objections, which summarily assert that Colbert "lacks standing, the Petition for Review fails to state valid declaratory judgment, First Amendment, or equal protection claims, the action is barred by sovereign immunity, [and] this Court lacks jurisdiction to interfere with a Judicial District's administration and cell phone usage policies or declare a Supreme Court rule invalid, among other issues that may be raised." Prelim. Objs., 7/3/23, ¶ 11.

## II. ISSUES

Hall raises four issues. First, this Court lacks jurisdiction to consider Colbert's claims because only our Supreme Court exercises "supervisory authority" over "the lower courts." Hall's Br. at 6. Second, Colbert has no standing because

---

[3] Colbert also contends that she requested a copy of the court proceedings she attended and paid $2 to receive a compact disc. Am. Pet. for Rev. ¶ 29. Colbert claims that she was "denied access to the public record" because the compact disc required "special software in order to function." *Id.*

[4] We quote the relevant portions of Colbert's prayer for relief: "First, to avert vagueness and uphold equal protection, cell phone use will be applicable to all participants and witnesses of a public courtroom proceeding; if lawyers and police may use them, then the posted sign of prohibition is unnecessary. Secondly, to properly limit government to due process in the interest of justice and the professional rules of responsibility, executive orders will remain in conformance with state and federal Supreme Court rulings that abide by the First Amendment right to record a public event, applicable to all participants and witnesses of a public courtroom proceeding." Am. Pet. for Rev., at 11-12 (prayers for relief).

her petition for review failed to allege future visits such that she lacks "an immediate, concrete interest" in Hall's administration of cell phone use. *Id.* at 5. Third, Colbert fails to state a claim for declaratory relief because there is "no uncertainty about any legal obligations between the parties." *Id.* at 6. Fourth, Colbert fails to state any First Amendment, equal protection, and due process claims. *Id.*

### III. DISCUSSION[5]

In support of its preliminary objection grounded in lack of jurisdiction, Hall argues that Colbert's requested relief falls within the purview of our Supreme Court. Hall's Br. at 9. Per Hall, only our "Supreme Court and President Judge have supervisory and administrative authority" over cell phone usage within the courtroom. *Id.* Hall asserts that this Court has no authority to "interfere with a court's operations or override a president judge's administrative decisions . . . ." *Id.* at 10. In Hall's view, Colbert's claims are similar to those raised in *Guarrasi v. Scott*, 25 A.3d 394 (Pa. Cmwlth. 2011). *Id.* Per Hall, the *Guarrasi* Court similarly held it could not exercise jurisdiction over the petitioner's claims. *Id.*[6]

---

[5] Generally, "a court must decide whether it is clear from the well-pleaded facts and reasonable inferences from those facts that the claimant has not established a right to relief." *Yocum v. Pa. Gaming Control Bd.*, 161 A.3d 228, 233-34 (Pa. 2017) (cleaned up). "A court considering a preliminary objection may take evidence and create a factual record, but it need not do so if it has sufficient information to rule on the objection." *Rehab & Cmty. Providers Ass'n v. Dep't of Hum. Servs.*, 283 A.3d 260, 271 (Pa. 2022); *see also* Pa.R.Civ.P. 1028(c)(2).

Hall's preliminary objections and supporting brief did not cite to the applicable Rules of Civil Procedure. *See* Pa.R.A.P. 1517. We construe Hall's preliminary objection based on lack of jurisdiction as invoking Pa.R.Civ.P. 1028(a)(1). We accept Hall's preliminary objection based on a lack of capacity to sue as under Pa.R.Civ.P. 1028(a)(5). *C.G. v. J.H.*, 172 A.3d 43, 54 (Pa. Super. 2017). We interpret Hall's remaining preliminary objections as a demurrer under Pa.R.Civ.P. 1028(a)(4). *See Page Publ'g, Inc. v. Hemmerich*, 287 A.3d 948, 952 (Pa. Super. 2022) (interpreting failure to plead sufficient facts for declaratory relief as a demurrer under Pa.R.Civ.P. 1028(a)(4)).

[6] Colbert concisely counters, in a single sentence, that Hall's argument misses the point. Colbert's Br. at 13-14. Colbert reasons that our Supreme Court properly delegated jurisdiction to this "Court for declaratory judgments involving state actions . . . ." *Id.* at 13. In her view, none of Hall's cited caselaw is on point. *Id.* at 14.

4

In *Guarrasi*, the petitioner sued, among others, the president judge of the court of common pleas in his official and individual capacity, as well as other judges. *Guarrasi*, 25 A.3d at 395, 397. The petitioner claimed that permitting "non-judicial personnel to sign judges' names to orders" was unconstitutional and that all such orders should be void. *Id.* at 399. The petitioner also requested declaratory relief in his favor. *Id.* at 397. The respondents filed a preliminary objection that this Court lacked jurisdiction to "regulate who signs [such] orders or to declare prior . . . orders void." *Id.* at 400.

In resolving this preliminary objection, the *Guarrasi* Court noted that our Supreme Court has original, but not exclusive, jurisdiction of all cases involving mandamus or prohibition directed to courts of inferior jurisdiction. *Id.* at 407. In contrast to our Supreme Court's original jurisdiction, the *Guarrasi* Court stated that "in order for Commonwealth Court to have any jurisdiction over [the court of common pleas] there must be an appeal from that court pending before this Court." *Id.* This Court thus held that it lacked original jurisdiction to resolve the petitioner's request for a declaratory judgment "regulating who signs" orders from that court of common pleas and declaring such "orders void based on the lack of an authentic signature." *Id.* at 407-08. The *Guarrasi* Court also dismissed the petition with prejudice, reasoning that the defects were "incurable." *Id.* at 408.

Instantly, analogous to *Guarrasi*, Colbert requests a declaration from this Court directed to Hall, President Judge of the Court of Common Pleas of Chester County. *See* Am. Pet. for Rev. at 11-12 (prayers for relief). Giving Colbert the benefit of the doubt, *see Hill*, 271 A.3d at 578, Colbert raises two demands: first, this Court order Hall to permit cell phone use by everyone in the courtroom; and second, this Court order that future orders by Hall conform "to the First Amendment right to

5

record a public event," *i.e.*, courtroom proceedings. *See* Am. Pet. for Rev. at 11-12 (prayers for relief).

To paraphrase the *Guarrasi* Court, there is no appeal from the Court of Common Pleas of Chester County. *See Guarrasi*, 25 A.3d at 407. As in *Guarrasi*, we lack original jurisdiction to resolve Colbert's request for a declaratory judgment regulating cell phone usage within that court. *See id.* We similarly lack original jurisdiction to grant Colbert's request that Hall's orders conform to the First Amendment. *See id.* To quote *Guarrasi*, our "Supreme Court, not Commonwealth Court, has general supervisory and administrative authority over" the Court of Common Pleas of Chester County. *See id.* at 408. Accordingly, we sustain Hall's preliminary objection grounded in jurisdiction.

*Guarrasi*, however, did not address a transfer to our Supreme Court. *See generally id.* Because we lack original jurisdiction, we cannot resolve Hall's remaining preliminary objections but must transfer the matter to our Supreme Court. *See* 42 Pa.C.S. § 5103.[7]

---

[7] Section 5103 of the Judicial Code requires this Court to transfer a matter to the proper tribunal. 42 Pa.C.S. § 5103 ("If an . . . other matter is taken to or brought in a court . . . which does not have jurisdiction of the . . . other matter, the court . . . shall not . . . dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth . . . ."). We recognize that our Supreme Court chastised this Court for improperly transferring a matter. *Gass v. 52nd Judicial Dist., Lebanon Cnty.* (Pa., No. 118 MM 2019, filed Oct. 30, 2019) (*per curiam* order) (holding "transfer was improper" as this Court's original jurisdiction extends to suits against the courts). In *Gass*, the issue was a court of common pleas' policy barring probationers from using medical marijuana. *Gass v. 52nd Judicial Dist., Lebanon Cnty.*, 232 A.3d 706, 708-09 (Pa. 2020). The *Gass* petitioners sought "declaratory and injunctive relief" prohibiting the court of common pleas from "penalizing medical marijuana patients . . . ." *Id.* at 709. In contrast to *Gass*, Colbert has requested that this Court require Hall to permit cell phone use to record courtroom proceedings. *See* Am. Pet. for Rev. at 11-12 (prayers for relief). Unlike *Gass*, we believe that Colbert's requested relief falls more squarely within our Supreme Court's "general superintendence over the courts of this Commonwealth . . . ." *Mun. Publ'ns, Inc. v. Ct. of Common Pleas of Phila. Cnty.*, 489 A.2d 1286, 1288 (Pa. 1985) (vacating Superior Court order that essentially reassigned a court of common pleas judge).

6

## IV. CONCLUSION

For these reasons, we sustain Hall's preliminary objection grounded in lack of jurisdiction and transfer the matter to our Supreme Court.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nancy Colbert,
               Petitioner           :
                                    :
               v.                :   No. 241 M.D. 2023
                                    :
President Judge John Hall, Court of   :
Common Pleas,                      :
               Respondent     :

**PER CURIAM**

## O R D E R

AND NOW, this 5th day of April, 2024, we sustain the preliminary objection grounded in lack of jurisdiction filed by President Judge John Hall of the Court of Common Pleas of Chester County and transfer the matter to the Supreme Court of Pennsylvania under 42 Pa.C.S. § 5103.